# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00732-RJC-DSC

| | |
|---|---|
| JACQUELINE BELL, | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION AND ORDER** |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Federal Defendant's Motion to Enforce Mediated Settlement" (document # 51) filed September 26, 2019, and the parties' associated briefs and exhibits (documents #56-57).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Enforce Mediated Settlement be granted, as discussed below.

### I.	PROCEDURAL AND FACTUAL BACKGROUND

A detailed recitation of the procedural and factual background of this case is contained in this Court's Memorandum and Recommendation dated May 31, 2018. See document #34. For purposes of the instant Motion, a mediation was conducted by attorney Christopher Osborne on

September 12, 2019. The mediation concluded with a written agreement by the parties. The Memorandum of Settlement stated:

> Payment of the sum of $199,000.00 by means of a joint check or electronic funds transfer to Plaintiff and her attorney, James Hairston, which the Defendant will stipulate is a compromise resolution of a disputed claim for compensatory damages, in exchange for a full and final release of all claims against any and all individuals, agencies, etc. A more formal settlement agreement will be drafted by Defendant's counsel, circulated for review, and executed with [SIC] 7 days.
>
> Stipulation of dismissal to be filed upon Plaintiff's receipt of payment.

Document # 51, Ex. 2. The Memorandum of Settlement was signed by both parties and their counsel. On September 26, 2019, Osborne filed the Certification of Mediation Session. He reported that the Mediated Settlement Conference was held on September 12, 2019 with all individual parties and their counsel present, and the "case has completely settled. Counsel will promptly notify the Court of settlement by: [box checked] The filing of a stipulation of dismissal signed by the parties within thirty (30) days of the filing of this report." Document #52.

Plaintiff acknowledges that she signed the Memorandum of Settlement. However, she argues that the Court should deny Defendant's Motion because the mediation lasted twelve hours and while she signed the agreement, she believed she had no other choice at the time. She had been anticipating the mediation for seven years and was anxious, nervous and unable to eat the night before or the day of the mediation. She also argues that upon re-reading the agreement once she arrived home, she thought there was an opportunity to decline the settlement because of the language that "a more formal settlement agreement will be drafted by Defendant's counsel, within seven days."

Defendant argues that settlement discussions were conducted by a mediator, the terms of the settlement were clear, the Memorandum of Settlement memorialized those terms, and it was properly executed by the parties and counsel.

## II. DISCUSSION

"Court-facilitated settlements are an important aspect of the judicial process and of its purpose in providing an orderly and peaceful resolution of controversies." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). To this end, "district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." Id. To enforce a settlement agreement under its inherent equity power, the district court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Id. at 540–41. "If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily." Id. at 541 (footnote and citations omitted). Rather, the court must hold an evidentiary hearing to resolve that dispute. Id. If, however, a settlement agreement exists and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for non-performance is comparatively insubstantial. Id. at 540 (citing Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir. 1981)).

The fact that a party has misgivings or "second thoughts" about the wisdom of a valid agreement or its results does not render it unenforceable. See id. at 540; Harmon v. Frangis, 676 S.E.2d 670, (N.C. App. 2009)(Table)(finding claim that a party "changed her mind" insufficient to render agreement invalid); Harris v. Ray Johnson Constr. Co., 534 S.E.2d 653, 655 (N.C. App. 2000) (enforcing agreement to settle case).

In determining whether a settlement agreement was reached, the Court "must determine whether the parties reached a complete agreement on all material terms. If there was no complete agreement as to terms or no 'meeting of the minds sufficient to form a complete settlement agreement,' the agreement must be vacated." Martin v. Senn Dunn LLC, No. 1:05CV00063, 2005 WL 2994424, at *3 (M.D.N.C. 2005) (quoting Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir.1983)). Under North Carolina law, in interpreting a contract, the Court should give effect to the intention of the parties. If the plain language of the contract is clear and unambiguous, the intention of the parties is inferred from the words of the contract, and no extrinsic evidence is required. Id. (citing Southern Furniture Co. of Conover, Inc. v. Dep't of Transp., 516 S.E.2d 383, 386 (N.C. App. 1999); First-Citizens Bank & Trust Co. v. 4325 Park Rd. Assocs., 515 S.E.2d 51, 54 (N.C. App. 1999)).

The parties reached a settlement agreement at the mediation on September 12, 2019. See document #51, Ex. 2. The material terms of the agreement are readily discernable on the face of the Memorandum of Settlement. Plaintiff agreed to a full and final release of all claims against Defendant in return for Defendant paying Plaintiff and her counsel $199,000. The agreement was signed by the parties and their counsel. The Court concludes that the agreement is complete as it disposes of the case in its entirety.

Plaintiff's second thoughts after she returned home from mediation and re-read the Memorandum of Settlement do not invalidate the agreement. Plaintiff acknowledges that she signed the agreement, but now attempts to characterize the agreement as an offer. The settlement reached on September 12, 2019 is a legally binding agreement. Finding no substantial reason offered for non-performance, the undersigned respectfully recommends that the Memorandum of Settlement be enforced.

## III. ORDER

IT IS ORDERED that all further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Federal Defendant's Motion to Enforce Mediated Settlement" (document # 51) be GRANTED.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: November 4, 2019

David S. Cayer
United States Magistrate Judge